# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5003 | **DATE** | 10/20/2003 |
| **CASE TITLE** | SWIFT vs. LAKE PARK H.S., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Motion (5-1, 8-1, and 11-1) to dismiss is granted. Defendants National Education Association, Lake Park High School District 108 and Prudential Insurance Company are dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 03 OCT 21 PM 1:0_ | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FAYE L. SWIFT,

    Plaintiff,

v.

LAKE PARK HIGH SCHOOL DISTRICT
108, FORTIS BENEFITS INSURANCE
COMPANY, PRUDENTIAL INSURANCE
COMPANY, NATIONAL EDUCATION
ASSOCIATION, ILLINOIS
DEPARTMENT OF INSURANCE,
ILLINOIS SECRETARY OF STATE,

    Defendants.

No. 03 C 5003
Judge James B. Zagel

DOCKETED
OCT 2 2 2003

## MEMORANDUM OPINION AND ORDER

In early June 2003, Swift filed suit against Lake Park High School District 108 ("School District"), Fortis Benefits Insurance Company ("Fortis"), Prudential Insurance Company ("Prudential"), the National Education Association ("NEA"), the Illinois Department of Insurance, and the Illinois Secretary of State in the Circuit Court of Illinois' Eighteenth Judicial Circuit, DuPage County. On June 16, 2003, she, on her own volition, filed an "Amended Complaint" in this matter. On July 7, 2003, she filed a third "Amended Complaint." On July 18, 2003, this matter was transferred to me.

The School District, Prudential, and the NEA now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On July 22, 2003, Swift was notified on the record and by order that this matter would now be pending before me. On August 21, 2003, she failed to

---

[1] The Complaint has already been dismissed as to the Illinois Department of Insurance and the Illinois Secretary of State. Fortis has not moved to dismiss.

appear in court. I ordered her to file a response to the motions by September 18, 2003. On August 26, 2003, she filed her "Rebuttal of Brief in Support of Motion to Dismiss" in the Eighteenth Judicial Circuit instead of here. On August 27, 2003, counsel for the School District sent a letter to her informing her of the necessity of filing her response here. To this date, she has failed to submit any response, but this failure does not preclude me from ruling on the motions. *See Pierce v. Minolta Business Systems*, No. 97 C 4178, 1997 WL 652310 (N.D. Ill. Oct. 14, 1997).

Standard of Review

In reviewing a motion to dismiss, I must accept all well-pled facts as true and draw all reasonable inferences therefrom. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Further, when considering a *pro se* complaint, I must employ a more liberal standard of review than would otherwise be used. *Haines v. Kerner*, 404 U.S. 519 (1972). That being said, "pro se litigants must still comply with general standards applicable to all litigants, and the operative requirement for a complaint under Fed.R.Civ.P. ('Rule') 8(a) is this:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

*Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at *1 (N.D. Ill. Nov. 1, 2002).

## School District

In reviewing the Complaint, it is very difficult to discern what type of cause of action Swift is asserting against the School District. She voluntarily resigned in the middle of the school year, so no breach of contract claim can exist, and she has not alleged any sort of discrimination claim. One apparent claim is that she could have received a better response to her correspondence from a School District employee, but there is no set of facts which would permit Swift to recover any type of relief on this claim.

Swift also seems to allege that she was entitled to an extra month's insurance coverage for the month of January 2003 because her termination date should have been February 1, 2003, instead of January 1, 2003. This claim not only fails to provide her any relief; it contradicts her statements within the Complaint. Assuming she did voluntary resign on January 2, 2003, as alleged in the Complaint, that does not support her claim that her termination date should be February 1, 2003. By her own admission, she did not work for the School District in January 2003. Therefore, her termination date is January 2, 2003 at the latest. Given that she did not work for the School District in January 2003, there is no basis upon which she could claim she was inappropriately denied insurance coverage for that month.

Swift also alleges that the School District failed to give her COBRA information. However, Swift does not claim that she never received COBRA information, but instead claims that she did not receive the information from the School District. She then claims that this action prevented her from exercising her ERISA rights. However, Swift did receive notification of her COBRA rights as she applied for COBRA coverage. The document states on its face, "We have been retained by the above named employer to notify you of your group health care benefits

3

continuation rights." Therefore, the School District, through its agent, did notify Swift of her COBRA rights, and no cause of action can be found in this regard.

Finally, Swift requests that the School District pay all of her medical, dental and vision coverage. There is no cause of action whose result would support such a finding, even when reading the Complaint with all favorable inferences to Swift. Accordingly, the School District's motion to dismiss is granted.

Prudential

Swift alleges that Prudential is liable for violations of ERISA and the federal Health Insurance Portability and Accountability Act ("HIPAA"). As way of background, on August 19, 2002, Swift commenced employment with the School District. She received benefits as part of her employment including the opportunity to receive decreasing term life insurance through a group policy sponsored by the Illinois Municipal Retirement Fund and underwritten by Prudential (the "IMRF Policy"). According to the brochure for the IMRF Policy, which was given to Swift, she had 31 days from the termination of her insurance benefits to convert the policy into an individual insurance policy. In her Complaint, Swift disclosed that the School District treated her termination effective as of December 23, 2002, with all of her insurance benefits ending December 31, 2002. On February 12, 2003, more than 31 days after her insurance coverage terminated, she sent a letter requesting that Prudential convert her group policy to an individual policy.

4

On December 19, 2002, while still employed with the School District, Swift applied for additional decreasing term life insurance in the amount of $100,000 under a policy sponsored by the NEA and underwritten by Prudential (the "NEA Policy").

In January 2003, Prudential requested an Attending Physician Statement from Swift's physician. Prudential, however, was unaware at that time that her employment with the School District has ceased. On February 12, 2003, Swift asked her physician to supply the requested medical information to Prudential.

Still unaware of the termination of her employment and membership in NEA, Prudential issued a Certificate of Insurance to Swift in March 2003. The NEA Policy specifically provided that her insurance would terminate when:

- [Her] membership in the Covered Classes for the insurance ends because [her] membership in the NEA ends.

  \* \* \*

- [She] fail[s] to pay when due, or by the end of the sixty day grace period, any payment required for an insurance of the Group Contract.

On February 28, 2003, Swift understood that she was not a member of the NEA. On April 15, 2003, however, she was advised that she could acquire "reserve" membership by, among other things, paying the sum of $131.75. Swift does not allege that she made the requisite payment to obtain her membership in NEA. She also does not allege that she continued to make the requisite premium payments under the NEA Policy.

In light of this background, ERISA does not entitle Swift to the relief sought in her Complaint. She is no longer a School District employee and, therefore, not entitled to coverage under the IMRF Policy. Similarly she is no longer entitled to coverage under the NEA Policy because she failed to allege any evidence showing that she continued her membership in the

5

NEA. As a result, ERISA does not entitle her to coverage under a group insurance plan to which she is no longer a plan participant.

Furthermore, Swift has failed to plead a viable breach of contract claim against Prudential. Her failure to comply with the contractual provisions of the IMRF Policy for conversion leaves her without a claim against Prudential as a matter of law. *See Lehmann v. UNUM Life Ins. Co. of America*, 916 F.Supp. 897, 900 (E.D. Wis. 1996). Her group coverage ended on December 31, 2002, and she had 31 days from that date to request an individual life insurance policy. Instead of timely filing her request for an individual policy, she waited until February 12, 2003, to ask Prudential for the necessary forms to begin the process. She sent the letter some forty-three (43) days after the termination of her insurance benefits. As a result, Prudential was not contractually obligated to convert her IMRF Policy and she should not now be allowed to succeed in creating an insurance contract that was not negotiated between the parties. Likewise, Swift has not alleged any evidence showing that she continued her membership in the NEA by paying the requisite dues or that she had made payment of the requisite premium payments required under the NEA Policy. Consequently, she is in breach of the NEA Policy, and that contract's terms extinguish any further obligations Prudential may have had. Accordingly, I dismiss Swift's ERISA claims against Prudential.

Similarly, HIPAA provides Swift no relief. No federal court reviewing the matter has ever found that Congress intended HIPAA to create a private right of action. *See, e.g., Brock v Provident America Ins. Co.*, 144 F.Supp.2d 652, 657 (N.D. Tex. 2001). As a result, Swift cannot maintain a cause of action against Prudential under the Act. Accordingly, I dismiss her HIPAA claims.

### NEA

Swift alleges that the NEA has prevented her from exercising her rights under ERISA and has violated her First Amendment rights. Both of the allegations fail to identify a theory or claim upon which relief can be granted. Her complaint also fails to present facts to support a claim. Accordingly, her claims against the NEA are dismissed.

For the reasons above, the School District's Motion to Dismiss, Prudential's Motion to Dismiss, and the NEA's Motion to Dismiss are GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 20 Oct 2003